```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

THOMAS MICHAEL SMITH ON HIS                              CIVIL ACTION
OWN BEHALF AND ON BEHALF OF
THOSE SIMILARLY SITUATED

VERSUS                                                   NO: 09-2985

OFFSHORE SPECIALTY                                       SECTION: J(1)
FABRICATORS INC.,

## ORDER AND REASONS

Before the Court is Plaintiffs' **Motion For Conditional Certification of an FLSA Collective Action Class of Persons Similarly Situated** and **Motion for an Order Permitting Court-supervised Notice of this Action to Potential Opt-in Plaintiffs. (Rec. D. 19.)** The putative collective claims are based on alleged nonpayment of overtime by the defendant companies. Having considered the motions and legal memoranda, the record, and the law, the Court finds that Plaintiff's Motions (Rec. D. 16.) are **GRANTED.**

## PROCEDURAL HISTORY AND BACKGROUND FACTS

This suit was filed on March 4, 2009 by Thomas Michael Smith on behalf of himself and on behalf of those similarly situated. (Rec. D. 23 Def. Mem. in Opp. 2.) It alleges that while employed by Offshore Speciality Fabricators, Inc., ("OSFI"), Mr. Smith attended daily safety meetings for which he was not compensated. (Rec. D. 19 Pl. Mem. ¶4.) Plaintiffs are now comprised of six (6) members. Id.

Mr. Smith et al now seek to certify a collective action for all employees who were similarly situated.(Pl. Mem. ¶ 1.) Plaintiffs identify the class as individuals who were paid hourly within the last three (3) years, were required to attend the meetings, and were not paid for the hours they worked and/or compensated for overtime.(Pl. Mot. 1)

**THE PARTIES' ARGUMENTS:**

Plaintiffs advocate for the use of the two-tiered approach in certifying an opt-in class pursuant to 29 U.S.C. § 216 (b). In this approach, the Court makes an initial determination based on the pleadings with a relatively low threshold based on "substantial allegations" that the members are all "victims of a single decision, policy or plan.". <u>Mooney v. Aramco services Co.</u>, 54 F. 3d 1207, 1214 n8 (5th Circuit, 1995). Upon a motion for decertification, a more rigid test is used.

Plaintiffs allege that the class they identify meets the requirements of this test. The class is identified as individuals who were paid hourly within the last three (3) years, were required to attend morning safety meetings, and were not paid for the time in the meeting and/or compensated for overtime. In this case, the policy which the class members were "victim" to is the mandatory morning safety meetings which were unpaid.

Plaintiffs argue that many factually similar suits have been certified. <u>See</u> <u>e.g.</u> <u>Whitworth v. Chiles Offshore Corp</u>, 1992 WL

2

235907 (E.D.La 1992). In Whitworth, the Court granted a conditional class certification based on a company policy which also mandated an unpaid safety meeting.

Furthermore, Plaintiffs argue that their six (6) plaintiffs are sufficient to form a class. They base this argument on precedent which has certified classes with smaller or equivalent numbers of plaintiffs. Most convincingly, Plaintiffs cite Crane v. Hemerich et al from the Eastern District of Louisiana, in which the Court certified a class for 5 (five) plaintiffs. 1992 WL 91946 FN 5 (E.D. La 1992).

Plaintiffs propose a court-supervised notification which would include any current or former employees of OSFI nationwide from the last three (3) years who meet the aforementioned criteria.

Plaintiffs urge the court to abstain from consideration of the merits of Plaintiffs' claim. Plaintiffs allege that the merits are irrelevant where they can articulate a putative class and make substantial allegations. Mooney at 1214. Furthermore, Plaintiffs urge the court not to review discovery for persuasiveness since this would be in aid of a factual determination, not relevant at this stage of the litigation.

Plaintiffs assert that their notice is accurate and request permission to mail it to potential putative class members. Plaintiffs also request permission to post their notice at

Defendant's business locations at which hourly paid laborers are employed. Finally, Plaintiffs request that the Court order Defendant to provide Plaintiffs with a list of all potential putative class members including names and addresses.

The Defendant argues that Plaintiffs cannot satisfy the preliminary requirements to establish a collective action. Defendant alleges that since they paid Plaintiffs for their lunch hours, the unpaid fifteen (15) minute safety meeting are offset. Therefore, concludes Defendant, Plaintiffs do not allege sufficient facts to make a case.

In their reply Plaintiffs allege that Defendant ignores the standard and makes factual arguments. They argue that the question of whether or not Plaintiffs received a meal period requires a factual finding which is premature at this juncture. Finally, Plaintiffs dispute the contention that a meal period would offset the payment which was required for attendance at the safety meeting.

In their Sur-reply, Defendant argues that Plaintiffs fail to argue a facially valid claim; that Plaintiff did receive a meal break; and Plaintiffs were paid for all hours they worked.

## DISCUSSION

**A.  Collective Actions under 29 U.S.C. §216(b)**

Section 207 of the FLSA provides the mandatory parameters for overtime pay. 29 U.S.C. §207. If an employer does not comply with the provisions of Section 207, the FLSA establishes that an "action to recover the liability prescribed in [§207] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees **similarly situated**." 29 U.S.C. §216(b).

The Fifth Circuit has recognized two different frameworks for determining whether a group of employees are sufficiently "similarly situated" to maintain a collective action under §216(b). Mooney at 1213-14. The Fifth Circuit has never determined which if either test is exclusively applicable, but this Court has previously utilized the approach undertaken by the court in Lusardi v. Xerox Corp., 122 F.R.D. 463 (D.N.J. 1988), for a §216(b) collective action. See Donohue v. Francis Svcs., Inc., 2004 WL 1161366 (E.D. La. 2004).[1]

---

[1] The Fifth Circuit has also recognized the approach utilized by the court in Shushan v. Univ. of Co., 132 F.R.D. 263 (D. Colo. 1990). The Shushan framework treats the §216(b) "similarly situated" collective action under the Rule 23 class action factors: numerosity, commonality, typicality, and adequacy of representation. Mooney, 54 F.3d at 1214. The distinguishing factor of a §216(b) collective action as opposed to a Rule 23 class action is that members of the collective action must *opt-in*, whereas class members must *opt-out*. Id. However, as this Court has previously used the Lusardi test, and because the parties agree that Lusardi is appropriate, this memorandum will address only the Lusardi two-step approach.

5

Under the two-step Lusardi test, the first step is the "notice stage," during which a court determines whether to give notice to similarly situated employees of a potential collective action, "usually based on the pleadings and any affidavits." Mooney, at 1213-14. Because the court has relatively little information at the "notice stage," the determination is made under a "fairly lenient standard and typically results in 'conditional certification' of a representative class." Id. at 1214. However, although the standard is lenient, "it is by no means automatic." Lima v. International Catastrophe Solutions, Inc., 493 F. Supp. 2d 793, 798 (E.D. La. 2007).

Step two of the Lusardi analysis is triggered by a motion for decertification usually after discovery. Mooney at 1214. This stage requires courts to make a factual determination that Plaintiffs are similarly situated. The Lusardi test applies a three-factor test to evaluate claims: "(1) the extent to which the employment settings of employees are similar or disparate; (2) the extent to which any defenses that an employer might have to overtime or mis-classification claims are common or individuated; and (3) general fairness and procedural considerations." Johnson v. Big Lots Stores, Inc., 561 F. Supp.2d 567, 573 (E.D. La. 2008). If the court finds the plaintiffs to be "similarly situated," the case proceeds as a collective action; if not, the named plaintiffs' case proceeds

and the opt-in plaintiffs' cases are dismissed without prejudice. Mooney, 54 F.3d at 1214.

In the end, "§216(b) of the FLSA does not require that plaintiffs be identical," but the "similarly situated" analysis is nonetheless "highly fact-intensive." Big Lots at 573. Further, "[a]lthough the standard for satisfying the first step is lenient . . . the court still requires at least substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." H & R Block, Ltd. v. Housden, 186 F.R.D. 399, 400 (E.D. Tex., 1999) (citing Mooney, 54 F.3d at 1214 n. 8) (internal quotations and citations omitted). Courts determining whether plaintiffs have submitted substantial allegations of a single plan have considered "whether potential plaintiffs were identified . . . whether affidavits of potential plaintiffs were submitted . . . and whether evidence of a widespread discriminatory plan was submitted." Id. at 400.

Courts have considered a large array of highly specific factors in certifying §216(b) collective actions. Given the fact intensive nature of the first step of the Lusardi approach, the Court will address each of the defendants' reasons for denying certification in the context of the §216(b) jurisprudence.

First the Defendant asserts that the allegations made by Plaintiffs are unsupported and therefore do not support the class

certification. Defendants cite <u>Xavier v. Belfor Usa Group</u> as support for this argument. 2008 U.S Dist. Lexis 108743 (E.D. La. 2008). In that case, the court held that the Plaintiffs failed to pass the threshold laid out in <u>Lusardi</u> based on a finding that the accompanying affidavits were improperly translated. <u>Id</u>. The Court found that without reliable supporting affidavits Plaintiffs could not prevail. In this case the Court has been furnished with four (4) affidavits which allege the same violation of the FLSA from the same policy. Their reliability is not in dispute. As a result, <u>Xavier</u> does not apply to the case before the Court.

Next, Defendant alleges that Plaintiffs were in fact paid for all hours worked. Specifically, they allege that they are entitled to offset claims of under-compensation with payments to their workers for uncompensable time (namely a lunch hour). In order to determine the validity of these claims a factual determination is necessary. The Court is not prepared nor required to make this kind of determination at this stage of the litigation. <u>See</u> <u>e.g.</u> <u>Melson v. Directech Southwest, Inc.</u>, 2008 U.S. Dist. Lexis 48525 (E.D. La. June 25, 2008) (Ignoring arguments regarding the merits of the claims.)Therefore, the Court makes no determination as to OSFI's argument regarding their ability to offset payments and avoid liability.

In sum, Plaintiffs have produced affidavit statements

alleging sufficient facts to fulfill the standard of "similarly situated" under §216(b). The decision to certify a collective action at the preliminary notice stage "is usually based only on the pleadings and any affidavits" that make "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. <u>Donohue</u> at * 1. Therefore, Plaintiffs' affidavits satisfy their burden of proof in order to be granted a preliminary certification of a putative class.

Furthermore, Defendant makes no arguments with respect to the class definition. Plaintiffs are requesting a nationwide definition of the class. This Court has previously held that "collective action certification is not precluded by the fact that putative plaintiffs performed various jobs in differing departments and locations," and "the law is plain that that [fact] does not undermine the 'similarly situated' requirement." <u>Donohue</u>, at *2. Plaintiffs' definition does not fall outside these parameters for a defined class under the FLSA.

**CONCLUSION**

**IT IS ORDERED** that Plaintiffs' **Motion For Conditional Certification of an FLSA Collective Action Class of Persons Similarly Situated** and **Motion for an Order Permitting Court-supervised Notice of this Action to Potential Opt-in Plaintiffs.**

9

**(Rec. D. 19.)** are hereby **CONDITIONALLY GRANTED** under the first step of the Lusardi framework as set forth above.

**IT IS FURTHER ORDERED** that the Court will adopt Plaintiffs' proposed class definition for purposes of this preliminary certification. It is defined as: individuals nationwide who were employed by Offshore, paid hourly within the last three (3) years, required to attend morning safety meetings, and were not paid for the time in the meeting and/ or compensated for overtime.

**It IS FURTHER ORDERED** that Defendants have ten (10) working days from the date of this order to raise any objections as to the form of the letter and consent proposed by Plaintiffs and Plaintiffs' request for the names and addresses of all members of the putative class.

New Orleans, Louisiana, this 10th day of July, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE